In re:

FELIX S. CANDELARIA, JR., and,                    Case No.  18-13232-t7
SARAH DIANA CANDELARIA,
        Debtors.

Ilene J. Lashinsky,                               Adv. No.
United States Trustee,
Plaintiff,

        v.

Felix S. Candelaria, Jr., and
Sarah Diana Candelaria
Defendants.

## **COMPLAINT SEEKING DENIAL OF DEFENDANTS' DISCHARGE**

## **UNDER 11 U.S.C. §727**

NOW COMES Ilene J. Lashinsky, United States Trustee for Region 20 and for her

Complaint Objecting to Defendants' Discharge, states to the Court as follows:

## **JURISDICTION**

1.    Plaintiff, Ilene J. Lashinsky ("Lashinsky) is the United States Trustee (UST) for Region

      20, which encompasses the District of New Mexico.

2.    Under 11 U.S.C. §§ 307 and 727(c)(1), Lashinsky has standing to bring complaints

      objecting to entry of discharge.

3.    This adversary proceeding arises out of and relates to the Chapter 7 case of In re: Felix S.

      Candelaria, Jr. and Sarah Diana Candelaria, Case No. 18-13232-t7.

4.    According to their petition, the Candelarias are residents of New Mexico with an address

      of 5 Leibel Ct., Los Lunas, NM 87031.

5.    The United States Trustee brings this complaint under 11 U.S.C. § 727 and Fed. R.

Bankr. P. 4004(d) and 7001(4).

6.    Under 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 727, the Court has jurisdiction to

hear this complaint.

7.    Under 28 U.S.C. § 157(b)(2)(J), this is a core proceeding.

8.    Under 28 U.S.C. § 1409(a), venue properly lies in this Court in that this civil proceeding

arises under Title 11 United States Code.

9.    Under Fed. R. Bankr. P. 7008, Lashinsky consents to entry of a final order or judgment

by the Bankruptcy Court.

## GENERAL ALLEGATIONS

10.    On April 9, 1999, the Candelarias filed chapter 7 bankruptcy, case number 99-12166, in

which they received a discharge on April 2, 1999.

11.    On October 1, 2001, the Candelarias formed Con Carino Christian Child Development

Center, Inc., a domestic profit corporation, with Sarah Candelaria as the president and Felix

Candelaria as the vice president.

12.    On October 22, 2009, the Candelarias formed F&S Candelaria, LLC, a domestic limited

liability company, with Sarah Candelaria as being the organizer.

13.    On December 9, 2009, the Candelarias formed a non-profit, Safe Site Youth

Development, Inc. ("Safe Site") — an early childhood education facility.

14.    On December 22, 2017, the Candelarias purchased a 2017 Dodge Laramie for $62,000,

paying in cash.

15.    On December 28, 2017, the Candelarias purchased 5 Leibel Ct in Los Lunas, NM with a

cash down payment of $26,000.

16.     On September 28, 2018, the Candelarias transferred the 2017 Dodge Laramie to their daughter, Marissa Candelaria, for no consideration.

17.     Approximately one month before filing bankruptcy, the Candelarias paid $4,000 to V Creations to have two driveway gates installed at their home.

18.     On December 26, 2018, the Candelarias opened a savings account and checking account at New Mexico Bank & Trust.

19.     The Safe Site bank records show large cash withdrawals taken by the Candelarias from January 2017 through December 2017 totaling $172,010, including a $20,000 cashier's check on December 5, 2017 (shortly prior to the Candelarias purchasing the 2017 Dodge pickup and the residence at 5 Leibel Ct in Los Lunas, NM).  The Candelarias' bank records for the same time period show cash deposits totaling $149,000.

## THE BANKRUPTCY CASE

20.     On December 31, 2018, the Candelarias filed a petition for chapter 7 bankruptcy.

21.     On Schedule A/B, the Candelarias listed the value of their home at 5 Leibel Ct. for $476,000.

22.     On Schedule A/B(3), the Candelarias the following vehicles and additional assets:

    a.     2013 Dodge Ram 1500 pickup truck valued at $10,000;
    b.     2011 Dodge Ram 1500 van valued at $5,000;
    c.     2011 Chevrolet Equinox valued at $4,500;
    d.     2000 Dodge Ram Wagon valued at $1,000;
    e.     2001 Dodge Ram Wagon valued at $1,000;
    f.     2002 Dodge Ram Wagons valued at $1,000;
    g.     2007 Ford Econoline valued at $1,000; and
    h.     2006 Ford Explorer valued at $1,000.

23.      On Schedule A/B(4), the Candelarias marked "No" for any watercraft, aircraft, motor homes, ATVs and other recreations vehicles, and accessories.

24.      On Schedule A/B(17), the Candelarias listed the following financial accounts:

      a.      US Bank – checking account owned by Safe Site.
      b.      US Bank payroll checking account owned by Safe Site
      c.      US Bank checking account with $1,000 balance; and
      d.      US Bank savings account with $100 balance.

25.     On Schedule A/B (18) the Candelarias marked "No" for owning any bonds, mutual funds, or publicly traded stocks.

26.     On Schedule I, Felix Candelaria discloses that he has been employed as a manager at Safe Site for 20 plus years, and Sarah Candelaria discloses that she has been employed as the Center Director at Safe Site for 20 plus years.

27.     On Schedule J (23c), the Candelarias disclose their monthly net income to be $1,528.74.

28.     On SoFA(4) the Candelarias disclose Felix's income from employment at $111,250 for 2018, and no employment income for 2017 and 2016; Sarah's income from employment is shown at $228,000 for 2018, 2017, and 2016.

29.     On SoFA(5), Felix Candelaria shows income from social security benefits of $12,940 in 2018, $15,528 for 2017, and $15,528 for 2016.

30.     On SoFA(13), the Candelarias mark no for any gifts made within 2 years before filing bankruptcy.

31.     On SoFA(18), the Candelarias marked "No" for any transfers within two years prior to filing bankruptcy outside the ordinary course of business.

32.     On SoFA(23), the Candelarias marked "No" indicating that they did not hold or control any property that someone else owns.

33.     On SoFA(27), the Candelarias disclosed Safe Site Youth Development, Inc. as the only business they owned within the four years prior to filing bankruptcy.

34.     The Candelarias—under penalty of perjury—signed the petition, schedules, SoFA, and Statement of Intention.

35.     On January 17, 2019, the Candelarias filed Amended Schedule A/B to disclose hearing aids valued at $5,000.

36.     The Candelarias signed the Amended Schedule A/B under penalty of perjury.

37.     On February 1, 2019, under 11 U.S.C. § 341, the Candelarias appeared for and testified under oath at the meeting of creditors required of all debtors in bankruptcy.

38.     The Chapter 7 trustee—Yvette Gonzales—questioned the Candelarias about the accuracy of their schedules and statement of affairs at their meeting of creditors.

39.     The Candelarias testified that they had read the documents prepared by their attorney and the documents were true and correct to the best of their knowledge.

40.     The Candelarias testified that the only vehicles they have were the 2013 Ram 1500 pickup truck and the 2011 Chevrolet Equinox.

41.     The Candelarias testified that the other vehicles they own are used by Safe Site.

42.     Ron Holmes appeared at the meeting of creditors for Ilene Marchant and asked the Candelarias if they owned any trailers, the Candelarias stated that they did not own a trailer.

43.     On February 9, 2019, the Candelarias filed chapter 11 for their non-profit corporation, Safe Site Youth Development, Inc., showing Felix as the President and Sarah as the Vice President with both holding the position title of Executive Director.

44.     On March 21, 2019, the Candelarias filed a Notice of Setting/Increasing Insider Compensation in the Safe Site case stating that Felix worked for no compensation until 10/6/17.

45.     On April 17, 2019, the Candelarias filed Amended Schedule E/F to include FCC Finance as a creditor from a guaranty on a debt for Safe Site.

46.     The Candelarias signed the Amended Schedule E/F under penalty of perjury

47.     On April 23, 2019, the Candelarias filed the following amendments:

a. Amended Schedule B(3) to disclose a 2017 utility trailer valued at $1,500.

b. Amended Statement of Financial Affairs to disclose the following transfers:

    i. On September 28, 2018, transferred 2017 Ram 2500 Laramie pickup truck to daughter, Marissa Candelaria;

    ii. On September 28, 2018, transferred 2011 Jeep Wrangler to daughter, Marissa Candelaria;

    iii. On October 8, 2018, transferred 2000 Jaguar S Type to daughter, Marissa Candelaria; and

    iv. In August 2018, transferred 2012 Nissan Sentra SL to daughter, Miranda Candelaria.

48.     The Candelarias signed the Amended Schedule A/B and Statement of Financial of Affairs under penalty of perjury.

49.     On May 3, 2019, the Candelarias appeared and testified under oath at their continued § 341(a) meeting of creditors.  The Trustee asked the Candelarias regarding the original schedules and statements and now their amendments were all true and correct, and their response was yes.

50.     At the May 3, 2019 continued meeting of creditors, Felix Candelaria testified under oath that he received salary from Safe Site for the previous three years as a co-director but was receiving Social Security Disability prior to that.

51.     At the May 3, 2019 continued meeting of creditors, the Candelarias testified under oath that they did not take cash withdrawals from the Safe Site bank accounts for personal purposes and received only payroll checks.

52.     On May 24, 2019, the Candelarias filed Amended Schedule A/B to disclose a 2007 Chrysler Town & Country valued at $1,000, changed the 2011 Dodge Ram 1500 van valued at $5,000 to a 2001 Dodge Ram 1500 van valued at $1,000, and removed the 2000 Dodge Ram Wagon valued at $1,000.

53.     The Candelarias signed the Amended Schedule A/B under penalty of perjury.

54.     On July 11, 2019, the Candelarias testified at their 2004 examinations.

55. Felix Candelaria testified at his 2004 examination the following:

    a. The 2017 Ram 2500 Laramie was transferred to his daughter (Marissa) because the truck was used for Safe Site purposes and at some point, she could run Safe Site to allow them to retire.
    b. He drives the 2017 Ram 2500 Laramie and pays the vehicle insurance.
    c. When asked if he held or control any property for some else, the response was "no."
    d. He received a $10,000 bonus from Safe Site in December 2017 and received a payroll check from Safe Site in December as well.

56. Sarah Candelaria testified at her 2004 examination the following:

    a. As to ownership of Johnson & Johnson stock and receiving dividend income.
    b. F&S Candelaria LLC was terminated in December 2017.
    c. In December 2017, they had approximately $80,000 in cash in their home to purchase the 2017 Ram 2500 Laramie pickup truck and for the $29,000 down payment on 5 Leibel Ct.

57. As of the date of this Complaint, the New Mexico Secretary of State website shows F&S Candelaria, LLC as being active and in good standing.

58. As of the date of this Complaint, the Candelarias have filed five amendments in this case.

59. The case has been pending for seven months, and the Candelarias have failed to make full and complete disclosure.

60. August 1, 2019, is the deadline to file a complaint objecting to discharge.

61. The United State Trustee incorporates all other paragraphs.

    **I.**     **Claims for Relief**

    **A.**     **Count 1: 11 U.S.C. § 727(a)(2)(A)—Transfer and concealment of property with intent to hinder, delay, or defraud**

62. The United State Trustee incorporates all other paragraphs.

63. Defendants violated Section 727(a)(2)(A), which provides that the Court shall deny a debtor's discharge if "the debtor, with intent to hinder, delay, or defraud a creditor or an officer

of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed…property of the debtor, within one year before the date of the filing of the petition…"

64.    On December 22, 2017, the Candelarias purchased a 2017 Dodge Laramie for $62,000, paying in cash.

65.    Within three months of filing their bankruptcy petition, the Candelarias transferred the 2017 Ram 2500 Laramie pick truck to their daughter —Marissa Candelaria —for no consideration.

66.    After the transfer of the vehicle, the Candelarias still had control over the vehicle.

67.    The Candelarias finally disclosed the transfer four months after filing their bankruptcy on the fourth set of amendments.

68.    The Candelarias still failed to disclose that they had possession of the vehicle.

69.    Felix Candelaria testified at his 2004 examination that he still drives the vehicle and pays the insurance.

70.    Given the facts, under 11 U.S.C. § 727(a)(2)(A) the Court should enter a judgment against the Candelarias denying their discharge

**B.    Count 2: 11 U.S.C. § 727(a)(4)(A)—False oath**

71.    The United States Trustee incorporates all other paragraphs.

72.    Defendants violated Section 727(a)(4), which provides that the Court shall deny a debtor's discharge if "the debtor knowingly and fraudulently, or in connection with the case ... made a false oath or account..."

73.    By verifying the schedules and statements as true and correct and testifying to the same at

their creditors' meetings, Defendants knowingly and fraudulently made false oaths or accounts by omitting to disclose in their schedules and statement of financial affairs all bank accounts, all income received during the two years prior to filing bankruptcy, all their assets, and gifts.

74. Accompanying the petition filed December 31, 2018, were the required forms, including bankruptcy schedules, a statement of financial affairs, and a Chapter 7 Means Test Calculation.

75. The Candelarias signed these documents under penalty of perjury.

76. In those documents, the Candelarias knowingly and fraudulently made false oaths, including, without limit to:

    a. On Schedule A/B(3), failed to disclose their 2007 Chrysler Town & Country and their 2017 utility trailer;
    b. On Schedule A/B(17), failed to disclose their two accounts held at New Mexico Bank & Trust.
    c. On Schedule B(18), the Johnson & Johnson stock they own;
    d. On SoFA(4), the Candelarias failed to disclose all their income from Safe Site in 2017 and possibly 2016.
    e. On SoFA(5), the Candelarias failed to disclose the dividend income received from Johnson & Johnson;
    f. On SoFA(13) or (18), failed to disclose the four vehicles they transferred within four months of filing bankruptcy;
    g. On SoFA(23), failed to disclose property held for another, the 2017 Ram 2500 Laramie pickup truck that Felix Canderlaria still drove, or alternatively failed to disclose their beneficial interest in the 2017 Dodge Ram 2500 Laramie pickup;
    h. On SoFA(27) the Candelarias failed to disclose F&S Candelaria LLC.

77. At their meeting of creditors, the Candelarias, knowingly and fraudulently made false oaths, including by testifying that they did not take cash withdrawals from Safe Site's bank accounts for personal purposes, everything they had filed with the Court was truthful and accurate, and they did not know of any errors or omissions that needed to be corrected.

78. The Candelarias have attempted to address the omissions by filing five amendments to their initial bankruptcy pleadings, but had still not amended to include the following:

    a. All income received from Safe Site in 2017;
    b. Dividend income from Johnson & Johnson;

     c.   Johnson & Johnson stock;
     d.   The 2017 Ram 2500 Laramie that is being driven by Felix Candelaria;
     e.   The accounts at New Mexico Bank & Trust;
     f.   The ownership of F&S Candelaria, LLC.

79.     Given the facts, under 11 U.S.C. § 727(a)(4)(A) the Court should enter a judgment against the Candelarias denying their discharge.

     **WHEREFORE**, Plaintiff prays for judgment as follows:

**On All Claims for Relief**

A.  That the Candelarias' discharge be denied; and

B.  For such other and further relief as this Court deems just and proper.

DATED: August 1, 2019                Respectfully submitted,

                                 ILENE J. LASHINSKY,
                                 UNITED STATES TRUSTEE

                                 <u>Filed electronically August 1, 2019</u>
                                 RICHARD A. WIELAND
                                 Trial Attorney
                                 Office of the U.S. Trustee
                                 P.O. Box 608
                                 Albuquerque, NM 87103
                                 (505) 248-6548
                                 (316) 269-6214 – Wichita, KS
                                 (505) 248-6558 (fax)